IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER BAILEY                                                                            PLAINTIFF

v.                        Civil No. 5:23-cv-05183-TLB-CDC

DR. ROBERT KARAS; KARAS
CORRECTIONAL HEALTH; REGISTERED
NURSE EARL HINELY; and FORMER
SHERIFF TIM HELDER                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Christopher Bailey ("Bailey"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Bailey proceeds *pro se* and *in forma pauperis*. The claims asserted in this case arose when Bailey was incarcerated in the Washington County Detention Center ("WCDC") in November of 2021. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court on the Joint Motion for Summary Judgment filed by the Defendants (ECF Nos. 32-34) and Bailey's Motion for Summary Judgment (ECF No. 53). The parties have filed responses to the respective Motions. (ECF Nos. 40, 42, 43, & 54). The Motions are ready for decision.

### I.    BACKGROUND

On November 22, 2023, Bailey filed the First Amended Complaint currently before the Court. (ECF No. 12). In Claim One, Bailey alleges that in November of 2021, he contracted COVID-19 and was quarantined with other work release inmates. *Id.* at 4. On November 10th,

1

Bailey states Defendant Hinely came around with the sick call cart with "candy and goodies offering them to the inmates if they would take the vaccine and pills, we were told were vitamins." *Id.* at 4-5. Bailey says it was "actually a shot and Ivermectin which we the inmates later found out was an animal wormer." *Id.* at 5. Bailey maintains he was "given a medicine used to cure parasitic worms . . . without my knowledge or consent." *Id.*

In Claim Two, Bailey reiterates Claim One and then alleges Defendant Helder allowed Defendants Karas, Karas Correctional Health, and Hinely "give what I then was told was a COVID 19 vaccination but was actually Ivermectin." (ECF No. 12 at 6). Bailey maintains these actions violated his constitutional rights.

Claim Three reiterates the information contained in Claims One and Two and adds that because of being given the Ivermectin he has suffered "tremendous abdominal problems." (ECF No. 12 at 8).

As relief, Bailey seeks compensatory and punitive damages. (ECF No. 12 at 9). Bailey states he has and still is "suffering medical problems due to this cruel and inhumane experiment." *Id.*

In a Supplement to his First Amended Complaint, Bailey states he exhausted the grievance process in October of 2023. (ECF No. 13 at 1). He also states he has put in several requests for treatment for constant abdominal pains. *Id.*

## II.   APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  DISCUSSION

#### A.  Bailey's Motion for Summary Judgment

Bailey's Motion (ECF No. 53) is not in compliance with Rule 56 of the Federal Rules of Civil Procedure or Rules 7.2 and 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas. The Motion was not accompanied by a statement of undisputed material facts or a brief. The Motion is denied for these reasons.

#### B.  Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment on the issue of exhaustion. (ECF No.

32).  Defendants maintain Bailey failed to exhaust his administrative remedies with respect to his claim that he was given Ivermectin.

### 1.  The Exhaustion Requirement

"An inmate may not sue under federal law until exhausting available administrative remedies."  *East v. Minnehaha Cty.,* 986 F.3d 816, 821 (8th Cir. 2021); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (exhaustion is mandatory).  Specifically, § 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).[1]

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id*. at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id*.

However, "the PLRA contains its own, textual exception to mandatory exhaustion.  Under § 1997e(a), the exhaustion requirement hinges on the availability of administrative remedies:  An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."  *Ross v. Blake,* 578 U.S. 632, 643 (2016).  The Supreme Court has recognized three circumstances under

---

[1] Section 1997e(e) which prohibits inmates from recovering mental or emotional damages in the absence of physical injury has been held unconstitutional to the extent it precludes recovery on First Amendment claims.

4

which an administrative remedy is unavailable. First, the Supreme Court has recognized that an administrative procedure is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* (citing *Booth v. Churner,* 532 U.S. 731, 736 (2001)). Second, when the "administrative scheme" is "so opaque that it becomes, practically speaking, incapable of use." *Ross,* at 644. Third, "[a]dministrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *East,* 986 F.3d at 821 (quoting *Ross,* at 644); *see also Foulk v. Charrier,* 262 F.3d 687 (8th Cir. 2001) (Inmate submitted an informal resolution request and testified he could not proceed with a formal grievance without a response. Defendant failed to establish Plaintiff could have proceeded with grievance procedure).

### 2. The WCDC Grievance Policy

The WCDC grievance procedure is set forth in the Inmate Handbook. (ECF No. 32-1 at 5). Inmates are informed that the grievance procedures are as follows:

> You are allowed to file a grievance if you feel you have been subjected to abuse or an abridgment of your civil rights while being detained. All grievances will be done on the kiosk in your cellblock.
>
> A grievance must be submitted within ten days from the time the event complained of occurred. The grievance should include:
> A. The date and approximate time of the event
> B. The name(s) of the person(s) involved
> C. The name(s) of any witness(es)
> D. Pertinent details of the event
>
> All grievances are reviewed by the Jail Administrator or their designee. If you feel your grievance was improperly handled, you may appeal to the Sergeant or Lieutenant.

(ECF No. 32-1 at 5-6).

> The WCDC grievance policy (D11.5) states its purpose is:
>
> Any detainee shall be allowed to file a grievance whenever the detainee believes they have been subjected to abuse, harassment, an abridgment of civil rights, or a denial of privileges specified in the Detainee Handbook. Grievances must be restricted to incidents that occur while the detainee is in the custody of the facility. The grievance procedure is an internal administrative means for the resolution of complaints and the identification of potentially problematic areas.

(ECF No. 32-1 at 8). The outlined procedures are more detailed than those contained in the Inmate Handbook. *Id.* at 8-9. With respect to grievance appeals, it states the appeal must be made within five days. *Id.* at 9. It further provides that medical decisions, treatment, or testing shall not be considered on appeal. *Id.*

### 3. Bailey's Grievances

It is undisputed that Bailey did not file any grievances mentioning Ivermectin until October of 2023. Bailey was back in the custody of the WCDC and filed the following grievances:

> 10/15/2023 My name is Christopher Bailey and i want to file a grievance because i was a part of Dr Karas horrible abusive inhumane expermintation i was given the Ivermectin without my knowledge i just recently became aware of this i was administered the fake vaccination by Earl Hinley Rn i will be contacting the American Civil Liberties Union informing them of this cruel inhumane experiment because ive suffered and am currently having medical issues to this day all of which i have made this institution aware of since i been here
>
> 10/18/2023 Mr. Bailey, I am not exactly what your wanting us to do regarding this. Technically by the detainee handbook, and WCDC policy, a detainee cannot file a grievance over an incident that is more than 10 days old, and this well over that time limit. I am not sure what you wanting us, WCDC, to do regarding this issue? Cpl. Mulvaney
>
> 10/18/2023 Its been verified that the Ivermectin was given to me on 11-20-2022 i was in work release and dr karas was given out candy bars to inmates to administer the shot i have and am still experiencing medical issues because of a animal wormer being injected to my body i was released and followed up with my primary care physician dr capolca of mana family health who did extensive blood work and found something

6

        alarming enough that he referred me to a dr vincent of springdale arkansas a gastrologist unfortunately i wound back in here and didn't make that appointment but since i been here ive told the medical staff that im in constant abdominal pain they even had me sign a hippa release to get my medical records from my doctor that they have refused me access to. I have done everything i know but im truly afraid because of what was given to me its affecting my health that could be life threatening

[Notation Appealed]

10/22/2023  I certainly understand your issue. What is it the detention staff can do to help you?   [Appeal response by Lt. Brian Atchley].

10/18/2023  How can you grieve something your unaware of i mean this man not only used me as a lab rat but so many others i know he allowed Earl Hinely RN to go around with those Ivermectin shots telling people they were Covid 19 vaccinations giving inmates candy and treats to inject them with an animal wormer and had i known i would have immediately done a grievance but being this information has just become known to me im filing a grievance NOW i know that this has and still is causing major health issues and its documented

[Assigned to Medical Services.   Medical Services responded "This is not a medical request"]

10/19/2023  Ive put in medical request after medical request regarding abdominal pains ive been having but to no avail the medical staff has done nothing but give me fish oil and im not sure why the pain isnt getting any better the medical staff has my medical records from my doctor that clearly shows i was referred to a gastrogist dr vincent of springdale that i didn't get a chance to see im afraid the ivermectin shot affected something internally and it could be life threatening

10/20/2023  Mr. Bailey, I can add you to sick call so that you can be assessed again if you would like. We have attempted to access records, and Kelly stated to you via kiosk that we can have you brought down to medical to read the records if you would like. As for abdominal pain, would you like to be assessed to see if there is anything else we can do to make you feel better?   [Justyn McEntire (KHC)]

[Notation Appealed]

Case 5:23-cv-05183-TLB   Document 56   Filed 06/26/24   Page 8 of 10 PageID #: 179

10/23/2023 We will get to you as soon as possible.   [Brittany Willmon]

(ECF No. 32-1 at 11-15).

### 4.  Application to Carrier's Claims

Defendants maintain Bailey failed to exhaust his administrative remedies for the following reasons: (1) he did not file a grievance within ten (10) days of the incident as required by the grievance procedure; (2) he never grieved being given Ivermectin by pill; and (3) he never had COVID-19 and therefore was not treated for it.[2]  Defendants also maintain that all facts in their statement of undisputed material facts should be deemed admitted as Bailey failed to file his own statement of facts in response.

#### a.  10-day Requirement

Bailey maintains Defendants concealed the fact that Ivermectin was being administered for COVID-19.  Given this, Bailey argues he could not have filed a grievance within ten days of receiving Ivermectin.  The Court agrees that the administrative remedies were not available to Bailey at the time the Ivermectin was being administered for COVID-19.  *Ross,* 578 U.S. at 644 (grievance procedure unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

#### b.  Ivermectin Pills

Next, Defendants maintain that Bailey only grieved being given Ivermectin by injection and not in pill form.  In her affidavit, Defendant Hinely states Ivermectin comes only in pill form.  (ECF No. 32-2 at 2).

The grievance procedure requires an inmate to provide the following information:  the

---

[2] This argument goes to the merits of Bailey's claim rather than to the issue of exhaustion.

8

date and approximate time of the event; the name(s) of the person(s) involved; the name(s) of any witness(es); and pertinent details of the event. Bailey included the name of the drug at issue. Whether he was mistaken as to the form it was administered in, does not belie the fact that he grieved being given Ivermectin.

### c. Never Treated for COVID-19

Under Rule 56 of the Federal Rules of Civil Procedure, the party moving for summary judgment "bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence Cty.,* 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has met the initial burden, the non-moiving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135.

Rule 56(e)(2)-(3) provide that "[i]f a party . . . failed to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2).

In the Court's Order directing Bailey to respond to the Defendants' Motion for Summary Judgment, he was advised he **must** separately file a "Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial." (ECF No. 35). Bailey did not file a separate statement of disputed facts. In neither of his responses or in his own Motion for Summary Judgment does Bailey dispute

9

Defendants' statements that he had never been diagnosed with COVID-19 while in the WCDC, was not treated for COVID-19, never received Ivermectin, and the only injection he was given in November of 2021, was his second dose of the COVID-19 vaccine for which he signed a consent form.[3]   Defendants are entitled to summary judgment.

## IV.  CONCLUSION

For these reasons, it is recommended that:

(1) Bailey's Motion for Summary Judgment (ECF No. 53) be **DENIED** as not in compliance with the Federal Rules of Civil Procedure or the Local Rules of this Court; and

(2) Defendants' Joint Motion for Summary Judgment (ECF No. 32) be **GRANTED and this case be DISMISSED WITH PREJUDICE.**

**Status of the Referral:   The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of June 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] These facts are contained in the affidavit submitted by Defendant Hinely, an APRN for Karas Correctional Health.   (ECF No. 32-2 at 1-4).